IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GREGORY GILLILAN, : | |
| : | |
| Plaintiff : | |
| : | |
| VS. : | |
| : | |
| Prisoner Staff E. MARABS, : | NO. 5:13-CV-50 (MTT) |
| : | |
| Defendant : | |
| _____ : | **O R D E R** |

  Plaintiff **GREGORY GILLILAN**, an inmate at Parish Prison in Baton Rouge, Louisiana, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Parties instituting non-habeas civil actions must pay a $350.00 filing fee. 28 U.S.C. §§ 1914(a), 1915. Because Plaintiff has failed to pay said fee, the Court assumes that he wishes to proceed *in forma pauperis* in this action.

  Plaintiff complains about "terroristic threats" and racial discrimination. He summarily alleges that he was threatened by Defendant Marabs, who is apparently a prison guard. Plaintiff also alleges that unnamed jail officials have provided extra food trays to black inmates and taken trays from Plaintiff, who is white.

  Under 28 U.S.C. § 1915(g), the "three strikes rule" of the Prison Litigation Reform Act, a prisoner may not bring an *in forma pauperis* civil action or appeal:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A review of court records reveals that Plaintiff has filed more than 175 civil actions in the United States District Courts, and at least 11 of those complaints or resulting appeals have been dismissed as frivolous, malicious, or failing to state a claim. See *Gillilan v. Davis*, 5:11-cv-208 (MTT) (M.D. Ga. May 31, 2011) (listing cases). Because Plaintiff's allegations patently do not satisfy the "imminent danger of serious physical injury" exception of section 1915(g), his apparent motion to proceed *in forma pauperis* is therefore **DENIED**.

Additionally, venue in this district is improper. The venue provisions of 28 U.S.C. § 1391(b) provide that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The Defendant is located, and all of the events alleged in the complaint occurred, in Baton Rouge, which is situated in the Middle District of Louisiana. 28 U.S.C. § 98(b). Therefore, the Middle District of Louisiana is the proper venue for this action.

A district court may transfer a case to another court where it might have been properly filed. However, the court should transfer the case only if doing so is in the interest of justice. 28 U.S.C. § 1406(a). Because, as noted above, Plaintiff is not entitled to proceed *in forma pauperis*, transfer of this case would not be in the interests of justice.

-3-

In light of the foregoing, the instant action is hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 12th day of February, 2013.


<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

cr